# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RONNIE T. MCATEE, | ) |
| | ) |
| Plaintiff, | ) Case No. 17-cv-5677 |
| | ) |
| v. | ) Judge Sharon Johnson Coleman |
| | ) |
| CITY OF CHICAGO, P.O. LEWIS L COURTS # 12687, P.O. BRIAN J. MCENERNEY #5830, P.O. FERNANDO SOTO #12313, P.O. JAIRO VALERIANO # 10649, Det. JERRY L. IVORY # 20575, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Ronnie McAtee, brought this action in state court against the City of Chicago and individually named Chicago police officers. McAtee accuses the individual defendants of false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, and a various criminal acts. He also asserts a Monell claim against the City of Chicago based on the underlying alleged violation of his Fourth Amendment rights. The defendants removed the action to this Court, and now move to dismiss McAtee's complaint for failure to state a claim. For the reasons set forth herein, that motion [17] is granted in part and denied in part.

**Background**

The following facts are taken from McAtee's complaint and are accepted as true for the purpose of ruling on the present motion. McAtee had recently arrived at his friend Tino Moody's house at 7733 S. Union Street, and was speaking with Moody in the back yard. One of Moody's neighbors called 911 to report the burglary of an apartment building at 7728 S. Lowe Street, describing the perpetrators as "two black males (40-50) years old, one wearing a white shirt and a white cap." That description was subsequently relayed to Chicago police officers Courts,

1

McEnerney, Soto, and Valeriano. Those officers, driving down the alley behind Moody's residence, came upon Moody, McAtee, and Robert Bea in Moody's back yard. The officers detained Moody, McAtee, and Bea, searched them, handcuffed them, and questioned them about the burglary. The officers then performed a warrantless search of Moody's yard, where they discovered copper pipes, carbon monoxide detectors, and kitchen and bathroom faucets. McAtee and Bea did not fit the eyewitness description of the burglars. Nevertheless, with McAtee, Bea, and Moody handcuffed together against the squad car, the officers conducted a line-up in which the eyewitness identified McAtee and Bea as the perpetrators. During this incident, an unknown black male who fit the eyewitness description of the perpetrator walked through Moody's backyard. Police told this potential suspect to leave immediately, and did not investigate, question, or detain him.

McAtee was subsequently arrested and charged with the burglary. McAtee alleges that the defendants knew that he and Bea were not the perpetrators of the burglary and that they engaged in a conspiracy to conceal evidence and commit perjury. McAtee also notes that the eyewitness could not have seen the burglary from her house as she claimed. Detective Ivory, who subsequently investigated the incident, declined to review the arresting officers body-camera footage, to investigate the potential suspect who left the scene, or to challenge inconsistencies in the eyewitness account.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must allege factual "allegations that raise a right to relief above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). Put differently,

Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), *see also* Fed. R. Civ. P. 8(a). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012). Complaints filed by pro se plaintiffs must be liberally construed, and are held to a less stringent standard than pleadings drafted by lawyers. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

**Discussion**

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486–87. The defendants contend that McAtee was convicted of the burglary at issue in this case, and that his claims are therefore barred by *Heck*.

McAtee does not dispute the applicability of *Heck,* but instead challenges the defendants' ability to base a motion to dismiss on evidence and facts outside the scope of his complaint (i.e. the record of his conviction). McAtee's own authorities, however, recognize that in ruling on a Rule

3

12(b)(6) motion a court may consider only "the complaint and . . . *those matters of which the court may take judicial notice.*" *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987) (emphasis added). It is well established that Courts can take judicial notice of matters of public record, and it is undisputed that court documents regarding McAtee's criminal conviction constitute public records. *Anderson v. Simon*, 217 F.3d 472, 474–75 (7th Cir. 2000). Accordingly, this Court may consider those records in ruling on the defendants' motion to dismiss.

Count I of McAtee's complaint accuses the individual defendants of falsely arresting and imprisoning McAtee in violation of his Fourth Amendment rights, pursuant to 42 U.S.C. § 1983. The defendants argue that this Count must be dismissed pursuant to *Heck* in light of McAtee's subsequent conviction for the crime underlying this case. This argument ignores the Seventh Circuit's bright-line rule that a claim for false arrest does not by its nature call into question the validity of a conviction, and therefore may go forward without the nullification of the underlying criminal conviction.[1] *Reynolds v. Jamison*, 488 F.3d 756, 767 (7th Cir. 2007). To paraphrase the Seventh Circuit, "[w]hether [the defendants] had probable cause to arrest [McAtee] has no bearing on the validity of his subsequent guilty plea and criminal conviction." *Id.* The defendants, moreover, offer no argument to suggest that a finding of false arrest in this case would negate the basis of McAtee's criminal conviction in light of the circumstances of this case. Accordingly, the defendants have not stated a basis for dismissing McAtee's false arrest claim.

Count II of McAtee's complaint accuses the individual defendants of false arrest under state law. The defendants contend that false arrest is not a state law claim, and that in any event such a claim would be barred by *Heck*. The defendants, however, offer no authority establishing that false arrest is not a state law claim. To the contrary, this district has repeatedly recognized such claims.

---

[1] To the extent McAtee's false arrest claim can be read as alleging that he was wrongly imprisoned based on evidence and testimony presented in the course of his prosecution, that claim is barred by *Heck*. *Walden v. City of Chicago*, 755 F. Supp. 2d 942, 957 (N.D. Ill. 2010) (Castillo, J.).

4

*See Holmes v. City of Chicago*, 63 F. Supp. 3d 806, 812 (N.D. Ill. 2014) (Dow, J.) (considering both state and federal false arrest claims); *Day v. Conwell*, 244 F. Supp. 2d 961, 964 (N.D. Ill. 2003) (Bucklo, J.) (exercising supplemental jurisdiction to rule on a state law false arrest claim). As previously discussed, moreover, *Heck* does not bar claims for false arrest. Defendants have accordingly failed to establish a basis for dismissing Count II of McAtee's complaint.

Count III of McAtee's complaint accuses the individual defendants of malicious prosecution. In order to state a claim for malicious prosecution, a plaintiff must allege facts showing (1) the defendant commenced or continued a criminal or civil judicial proceeding; (2) the proceeding terminated in favor of the plaintiff; (3) there was an absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff. *Mosley v. City of Chicago*, 614 F.3d 391, 399 (7th Cir. 2010). "[A] plaintiff cannot predicate his malicious prosecution action on underlying criminal proceedings which were terminated in a manner not indicative of the innocence of the accused." *Washington v. Summerville*, 127 F.3d 552, 557 (7th Cir. 1997). Here, it is undisputed that McAtee pled guilty to and was convicted of a violation of 720 ILCS 5/16-1(A)(1), Theft or Unauthorized Control of Property over $500.00. This outcome was obviously not indicative of McAtee's innocence. Accordingly, McAtee cannot state a claim for malicious prosecution.

Count IV of McAtee's complaint accuses the individual defendants of intentional infliction of emotional distress. In order to state a claim for intentional infliction of emotional distress, a plaintiff must adequately allege (1) extreme and outrageous conduct; (2) intent to inflict emotional distress or knowledge of a high probability of causing the same; and (3) causation of severe emotional distress. *Breneisen v. Motorola, Inc.*, 512 F.3d 972, 983 (7th Cir. 2008). Among the factors to be considered in determining whether conduct is extreme and outrageous are "the degree of power or authority which a defendant has over a plaintiff; whether the defendant reasonably believed that his objective was legitimate; and whether the plaintiff is particularly susceptible to

emotional distress because of some physical or mental condition or peculiarity." *Lewis v. Sch. Dist. # 70*, 523 F.3d 730, 747 (7th Cir 2008).

As previously noted, *Heck v. Humphrey* precludes inquiry into the circumstances of McAtee's prosecution or his allegations of perjured testimony. *Parish v. City of Elkhart*, 614 F.3d 677, 684 (7th Cir. 2010). Accordingly, the only extreme and outrageous conduct presently before this Court concerns the circumstances of his arrest, which purportedly occurred without probable cause. Here, however, McAtee has not alleged that he was mistreated by the arresting officers or that the circumstances of arrest were otherwise unusual. McAteee does not allege that the arrest, as opposed to his subsequent prosecution, caused him any form of severe distress and has not alleged with specificity that he suffered any injury that would constitute severe emotional distress. *Jasinski v. Glencoe Dept. of Public Safety*, 836 F. Supp. 2d 753, 759 (N.D. Ill. 2011). Accordingly, McAtee has failed to sufficiently state a claim for intentional infliction of emotional distress.

Count V of McAtee's complaint accuses the City of Chicago of violating his Fourth Amendment rights pursuant to 42 U.S.C. § 1983. In order to state a viable section 1983 claim, a plaintiff must allege that he suffered injuries of a constitutional magnitude which were caused by (1) an express policy that, when enforced, causes a constitutional deprivation, (2) a widespread practice that, although not expressly authorized, is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 591, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Houskins v. Sheahan*, 549 F.3d 480, 493 (7th Cir. 2008). Although a plaintiff asserting a *Monell* claim is not held to a heightened pleading standard, he must plead factual content sufficient to support a reasonable inference that the City maintained a specific policy, custom, or practice that caused a constitutional violation. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Here, McAtee alleges a policy, practice, and custom of failing to "properly train,

6

supervise, monitor investigate and impose disciplinary sanctions" against police officers. He further alleges that these failures created an "air of immunity" from sanction or prosecution, thus condoning the defendants' conduct as proper police practice. These vague allegations identify general categories of inaction, but do not identify any specific polices, practices, or procedures which Chicago is alleged to have maintained. *See Starks v. City of Waukegan*, 946 F.Supp.2d 780, 792 (N.D. Ill. 2013) (Feinerman, J.) (recognizing similarly general allegations of a policy, practice, or procedure to be insufficient to state a claim). McAtee, moreover, has failed to make any factual allegations capable of supporting a reasonable inference that any of the policies, practices, or customs identified are causally related to the constitutional violation that he alleges. Accordingly, McAtee has failed to state a viable *Monell* claim.

Count VII of McAtee's complaint asserts that the individual defendants' violated state statutory criminal laws concerning official misconduct, obstructing justice, unlawful restraint, and perjury. McAtee, as a civil plaintiff, cannot bring state criminal claims against the defendants, and Count VII must therefore be dismissed. *Midwest Eng'g Servs., Inc. v. Int'l Union of Operating Eng'rs, Local 150*, No. 05 C 50023, 2006 WL 4662293, at *1 (N.D. Ill. Oct. 2, 2006) (Reinhard, J.) ("[C]ivil actions may not be brought based on violations of the Illinois Criminal Code.").

**Conclusion**

For the foregoing reasons, the defendants' motion to dismiss [17] is granted in part and denied in part. Counts III, IV, V, and VII are dismissed without prejudice.

SO ORDERED.

_____
Sharon Johnson Coleman
United States District Court Judge

DATED: 2/5/2018